IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CENTOCOR ORTHO BIOTECH, INC.**<br>800/850 Ridgeview Drive<br>Horsham, Pennsylvania 19044<br><br>**Plaintiff,**<br><br>v.<br><br>**ABBOTT GMBH & CO., KG**<br>Max-Planck-Ring 2<br>65205 Wiesbaden, Germany<br><br>**Defendant.** | CIVIL ACTION NO. _____ |

## COMPLAINT FOR REVIEW OF PATENT INTERFERENCE DECISION

Plaintiff Centocor Ortho Biotech, Inc. ("Centocor") for its complaint against Abbott GmbH ("Abbott") states as follows:

### THE PARTIES

1. Plaintiff Centocor is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 800/850 Ridgeview Drive, Horsham, Pennsylvania 19044. Centocor was previously known as Centocor, Inc., and became Centocor Ortho Biotech, Inc., by change of name on or about December 28, 2008.

2. Defendant Abbott is, on information and belief, a business entity of Germany and does not reside in the United States. On information and belief, Abbott has its principal place of business at Max-Planck-Ring 2, 65205 Wiesbaden, Germany.

## THE NATURE OF THE ACTION

3. This is an action pursuant to 35 U.S.C. § 146, for review and revision of the decision and final judgment of the U.S. Patent and Trademark Office Board of Patent Appeals and Interferences ("Board"). The interference, review of which is sought through this Complaint, is Interference No. 105,592 McK, entitled CENTOCOR, INC., Junior Party v. ABBOTT GmbH & CO., KG, Senior Party.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action under 35 U.S.C. § 146, as well as 28 U.S.C. § 1338(a). Personal jurisdiction and venue are proper in this judicial district under 35 U.S.C. §§ 146 and 293 and 28 U.S.C. § 1391(d).

5. Centocor is the assignee of U.S. Patent Application 10/912,994 ("the 994 application") involved in Interference No. 105,592.

6. Abbott is the assignee of U.S. Patent No. 6,914,128 ("the 128 patent") involved in Interference 105,592.

## FACTS GIVING RISE TO THIS COMPLAINT

7. The Board declared Interference No. 105,592 on December 12, 2007. Claims 1, 102 and 103 of the 994 application were designated as corresponding to the Count. Claims 1-15, 27-40 and 50-64 of the 128 patent were designated as corresponding to the Count.

8. The Count in Interference No. 105,592 comprises claim 1 of the 994 application or claim 1 of the 128 patent, recited in the alternative.

9. During the course of Interference No. 105,592, Centocor filed Motions 1-5 and Abbott filed Motions 1-8. Centocor Motion 1 sought judgment that Claims 1-15, 27-40 and 50-64 of the 128 patent ("Abbott's involved claims") were unpatentable to Abbott under 35 U.S.C. § 103(a) over prior art, including Valiante *et al.*, Cell. Immunol. 145 pp. 187-98 (1992), Chizzonite

*et al.*, J. Immunol. 147 pp. 1548-56 (1991), Gately U.S. Patent No. 5,780,597 (issued July 14, 1998), Queen U.S. Patent No. 5,530,101 (issued June 25, 1996), Burton U.S. Patent No. 5,652,138 (issued July 29, 1997), Curiel U.S. Patent No. 5,910,486 (issued June 8, 1999), Tomlinson, *et al.*, J. Mol. Biol. 256 pp 813-17 (1996), Hoogenboom, Trends on Biotechnology 15 pp 62-70 (1997), and Trinchieri U.S. Patent No. 5,811,523 (issued September 22, 1998).

10. Centocor Motion 2 sought, pursuant to Bd. R. 155(c) and SO 155.2, to exclude from evidence Abbott Exhibits 1001, 1019-1023 and 1304.

11. Centocor Motion 3 requested judgment a) that Centocor is the first to invent the subject matter of the count and b) awarding priority of invention.

12. Centocor Motion 4 requested portions of Abbott's responses to Centocor material fact Nos. 28-32, 34-36, 39, 43, 44, 48-50, 52-55, 58, 61-68, 71-74, 97-108, 110, 113, 114, 119, 120, 123, 129-131, 133, 134, and 138 be stricken from Abbott's Opposition 3.

13. Centocor Motion 5 requested exclusion from evidence of Abbott Exhibits 1321, paragraphs 13-19; 1321 - revised, paragraphs 13-19 and 68-73; 1343-1355; 1358; 1365; and 1402-1404. Centocor Motion 5 also requested that the entirety of Abbott's priority case be excluded from evidence on the ground that Abbott suppressed or concealed the invention.

14. Abbott Motion 7 requested judgment a) that Abbott is the first to invent the subject matter of the count and b) awarding priority of invention.

15. After holding an Oral Hearing on June 30, 2009, the Board rendered decisions and a judgment in separate papers on August 6, 2009.

16. In Paper No. 416, the Board granted Centocor Motion 5 in part and denied it in part.

17. In Paper No. 417, the Board granted Abbott Motion 7 and found that "Abbott has established an actual reduction to practice of the subject matter of the Count prior to any date

offered by Centocor for its presumed actual reduction to practice," without making fact findings on Centocor Motion 3.

18. In Paper No. 418, the Board denied both Centocor Motion 1 and Abbott Motion 1.

19. In Paper No. 419, the Board issued a Judgment awarding priority of invention against Centocor and holding that Centocor was not entitled to a patent containing claims 1, 102 and 103 of the 994 application. In its Judgment, the Board also dismissed Centocor Motion 2 as being unnecessary to decide, dismissed Centocor Motion 3 as moot in view of the granting of Abbott Motion 7, and dismissed Centocor Motion 4 as moot in view of the dismissal of Centocor Motion 3.

20. The Board erroneously found on Centocor Motion 1 that none of Abbott's involved claims of the 128 patent were unpatentable as obvious over any of the asserted prior art. The Board's decision on Centocor Motion 1 arises from multiple errors of law, constitutes an abuse of discretion to the extent the Board's decision on Centocor Motion 1 is reviewable on that basis and rests on erroneous fact findings requiring correction by this Court.

21. The Board erroneously dismissed Centocor Motion 3 and should have found instead that Centocor was the first to invent the subject matter of the Count and awarded priority against Abbott. The Board's decision dismissing Centocor Motion 3 should be vacated and the Court should render judgment in favor of Centocor on Centocor Motion 3.

22. The Board erroneously decided Centocor Motion 5 as a matter of law and abused its discretion to the extent that the Board denied Centocor's objections to evidence under Rule 612, Federal Rules of Evidence. The Board also erred as a matter of law and abused its discretion in its decision on Centocor Motion 5 at page 32, lines 1-21, of Paper No. 416.

23. The Board erroneously dismissed Centocor Motions 2 and 4, which should be decided by this Court to the extent necessary to render Centocor complete relief in this action. In the alternative, the Court should remand Centocor Motions 2 and 4 as the circumstances dictate.

24. The Board erroneously found on Abbott Motion 7 that Abbott was the prior inventor of the subject matter of the Count and awarded priority against Centocor. The Board's decision on Abbott Motion 7 arises from multiple errors of law and rests on erroneous fact findings requiring correction by this Court.

## SUMMARY

25. Centocor, the assignee of the 994 application and a party dissatisfied with the result of Interference No. 105,592, seeks review and modification of the decisions rendered by the Board and in particular the Judgment based on those decisions.

26. Specifically, Centocor seeks reversal of the Board's decision denying Centocor Motions 1 and 5 and granting Abbott Motion 7.

27. Centocor also requests that the Court consider the issues raised by Centocor Motion 3 and enter judgment of priority of invention as to the Count in favor of Centocor and against Abbott. In the alternative, Centocor requests that Centocor Motion 3 be remanded to the Board for decision in the first instance.

28. Centocor also requests that the Court grant Centocor Motions 2 and 4 as necessary to grant Centocor complete relief in this action. In the alternative, the Court should remand this case to the Board for decision in the first instance of Centocor Motions 2 and 4, as necessary to the rendition of a judgment favorable to Centocor in Interference No. 105,592.

29. Centocor also reserves the right to take discovery under the Federal Rules of Civil Procedure and to present further testimony and other evidence to the Court under 35 U.S.C. § 146.

## PRAYER FOR RELIEF

WHEREFOR, plaintiff Centocor prays for judgment:

A.   Reversing the Board's denial of Centocor Preliminary Motion 1 as to Claims 1-15, 27-40 and 50-64 of the 128 patent and finding those claims unpatentable;

B.   Reversing the Board's granting of Abbott Motion 7 and reversing the Board's dismissing of Centocor Motion 3 finding that Centocor, not Abbott, was the first to invent the subject matter of the Count, or, in the alternative, vacating the Board's dismissal of Centocor Motion 3 and remanding Centocor Motion 3 to the Board for decision;

C.   Granting Centocor Motions 2 and 4 as necessary to grant Centocor complete relief in this action or, in the alternative, vacating the Board's decision dismissing Centocor Motions 2 and 4 and remanding Centocor Motions 2 and 4 to the Board for decision;

D.   Reversing the Board's decision on Centocor Motion 5 to the extent the Board denied Centocor Motion 5 or rendered an erroneous decision thereon; and

E.   Awarding Centocor its costs and attorney's fees in this action, and such other and further relief as this Court may deem appropriate.

Dated: August 28, 2009                                Respectfully submitted,

MORRISON & FOERSTER LLP

_/s/ Barry E. Bretschneider_
Barry E. Bretschneider (DCB #20857)
Peter J. Davis (DCB #463353)
John P. Corrado (DCB #380948)
MORRISON & FOERSTER LLP
1650 Tysons Boulevard, Suite 400
McLean, VA 22102
Tel: 703-760-7743
Fax: 703-760-7777
*bbretschneider@mofo.com*
*pdavis@mofo.com*
*jtrocki@mofo.com*

Dianne B. Elderkin
Barbara L. Mullin
Steven A. Maslowski
Angela Verrecchio
Matthew A. Pearson
James V. Spencer
WOODCOCK WASHBURN LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
Tel: 215-568-3100
Fax: 215-568-3439

*Attorneys for Plaintiff*
*Centocor Ortho Biotech, Inc.*

va-280852