# WILMERHALE

**Robert J. Gunther, Jr.**
+1 212 230 8830 (t)
+1 212 230 8888 (f)
robert.gunther@wilmerhale.com

*Via ECF & Federal Express*

February 12, 2013

The Honorable F. Dennis Saylor, IV
United States District Judge
United States District Court
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

Re: *Abbott GmbH & Co., KG et al. v. Centocor Ortho Biotech, Inc., et al.*, C.A. No. 4:09-cv-11340; *Centocor Ortho Biotech, Inc. v. Abbott GmbH & Co., KG*, C.A. No. 4:10-cv-40003

Dear Judge Saylor:

      The Abbott plaintiffs submit this letter to advise the Court of *Soverain Software LLC v. Newegg Inc.*, No. 2011-1009 (Fed. Cir. Jan. 22, 2013), a recent decision from the U.S. Court of Appeals for the Federal Circuit pertaining to the issue of obviousness, a copy of which is enclosed as Exhibit A.

      The three patents at issue in *Soverain* related to electronic commerce where a merchant's products are offered and purchased online through computers interconnected by a network. Slip op. at 2. After the close of evidence at trial, the district court removed the question of obviousness from the jury because it did not believe there had been sufficient testimony on the issue, such that it would be confusing to the jury. *Id.* at 4. The district court then held that the claims were not invalid on the ground of obviousness, and the jury went on to reach a verdict on the issue of infringement. *Id.*

      In its decision on appeal, the Federal Circuit confirmed that obviousness is a question of law and that the district court's removal of this legal question from the jury did not violate the defendant's right to a jury trial:

> Obviousness is a question of law based on underlying facts, as set forth in *Graham v. John Deere Co.*, 383 U.S. 1 (1966). . . . Federal Rule of Civil Procedure 50 "allows the trial court to remove cases or issues from the jury's consideration 'when the facts are sufficiently clear that the law requires a particular result,'" *Weisgram v. Marley Co.*, 528 U.S. 440, 448 (2000) (quoting Wright & Miller, Federal Practice and Procedure (2d ed. 1995)). The Court has explained that the purpose of Rule 50 is "to speed litigation and avoid unnecessary retrials." *Neeley v. Martin K. Eby Const. Co.*, 386 U.S. 317, 326 (1967).

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007
Beijing    Berlin    Boston    Brussels    Frankfurt    London    Los Angeles    New York    Oxford    Palo Alto    Waltham    Washington

WILMERHALE

February 12, 2013
Page 2

> Although here both sides had presented witnesses and evidence on the question of obviousness, the district court's removal of the legal question from the jury did not violate the right to jury trial. *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 389 (1996) ("[A]ny credibility determinations will be subsumed within the necessarily sophisticated analysis of the whole document.").

*Id.* at 5-6.

While the Federal Circuit ultimately disagreed with and reversed the district court's judgment of invalidity for obviousness with respect to the computer-related patents at issue in *Soverain*, it reinforced the notion that the question of obviousness is a "matter[] of law." *Id.* at 14-15. Because this Court is currently reviewing the jury's verdict on the issue of obviousness, and given the Court's prior Seventh Amendment concerns in this case, Abbott brings this decision to the Court's attention in the interest of completeness.

Respectfully submitted,

/Robert J. Gunther/S.M.

Robert J. Gunther, Jr.

cc: Dianne B. Elderkin (via email)
    Barbara L. Mullin (via email)

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2013, I caused a copy of Plaintiffs' LETTER, DATED FEBRUARY 12, 2013 AND EXHIBIT, to be served on counsel via ECF and Federal Express.

                  ___s/ Violetta G. Watson_____
                    Violetta G. Watson